ALBERT V. DEMAREST, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF BERGENFIELD, RESPONDENT.

Submitted January term, 1929—Decided May 7, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the prosecutor, *Clyde Christie.*

For the respondent, *James S. De Turck.*

PER CURIAM.

An ordinance known as No. 230 for the improvement of Station Square, in the borough of Bergenfield, was duly adopted providing for the doing of the work as a general improvement, the cost to be met and paid by general taxation. This was September 9th, 1924. On July 27th, 1926, ordinance 311 was adopted amending the foregoing ordinance by increasing the appropriation for the work from $31,000 to $70,000. On August 13th, 1928, ordinance 390 was introduced and passed on October 1st, 1928, attempting to amend ordinance 230 so that the improvement should be local, instead of general, and the cost assessed specially against the lands benefited instead of being paid for from the general tax funds.

At the time of the introduction of this last ordinance the improvement had been substantially completed. There was no notice of intention to introduce this ordinance, although a hearing seems to have been accorded to the property owners affected, before its final passage.

Respondent seems to urge no reason or ground looking toward the sustaining of the legality of this ordinance 390, nor do we think any can be successfully urged, but three grounds appear to be urged, in avoidance, as it were, of an adverse finding upon the merits.

These grounds are:

1. That it does not appear that the prosecutor has any interest as a taxpayer to prosecute the present action, citing *Jordan* v. *Dumont,* 6 *N. J. Mis. R.* 311. The answer to this is that such finding of the Supreme Court has been overruled by the Court of Errors and Appeals in the same case. 6 *N. J. Adv. R.* 1889.

2. That the present action is premature because there is nothing to show that the lands of the prosecutor would be assessed for any part of the improvement.

We think this is entirely without legal merit.

3. There is nothing to show that the prosecutor would be put to any loss because his share of the general tax would be as great or greater than a special assessment against his lands.

We think this also is without legal merit.

The ordinance and the proceedings under review must be set aside, with costs.